UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------X
MIGUEL SANCHEZ MALDONADO, on behalf
of himself and all others similarly situated,

                Plaintiff,

    -against-

SOUND SEAL INC.,

                Defendant.
------------------------------------------------------------------X

**Civil Action No.**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

**OCTOBER 27, 2023**

## INTRODUCTION

Plaintiff Miguel Sanchez Maldonado, on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, Madsen, Prestley & Parenteau, LLC, and Hayber, McKenna & Dinsmore, LLC, complaining of Defendant Sound Seal Inc. ("Sound Seal"), alleges:

## NATURE OF THE ACTION

1. Miguel Sanchez Maldonado worked as a fabricator at Sound Seal Inc.'s manufacturing facility in Agawam, Massachusetts. Throughout his employment, Sanchez Maldonado and other fabricators at Sound Seal Inc. worked up to fifty-six and a half (56.5) hours per workweek, with hours over forty (40) worked on "expedited orders" completed outside of the company's regular business hours (*i.e.*, on evenings and weekends). Throughout Sanchez Maldonado's employment, Sound Seal Inc. paid all fabricators their wages earned for time spent completing expedited orders on a flat fee basis, as opposed to an hourly basis, using separate checks from the rest of their hourly

wages. Through this pay system, Sound Seal Inc. failed to pay its fabricators, including Sanchez Maldonado, the correct overtime wages due to them for hours worked over forty (40) per workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Massachusetts General Laws c. 151, §§ 1A and 1B *et seq.*

2. Plaintiff brings this action on behalf of himself and all similarly situated non-exempt fabricators ("Fabricators") who worked at Defendant's manufacturing facility within the last three years to recover unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs under the FLSA and the Massachusetts General Laws.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's claims under the Massachusetts General Laws pursuant to 28 U.S.C. § 1367.

4. By letter dated September 22, 2023, the Commonwealth of Massachusetts Office of the Attorney General authorized Plaintiff to bring this private action against Defendant to recover unpaid wages under state wage laws. A copy of this Private Right of Action notice is attached as Exhibit 1.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. § 1391, because the events giving rise to Plaintiff's claims occurred in Massachusetts, within this district.

## THE PARTIES

**Plaintiff Miguel Sanchez Maldonado**

6. Miguel Sanchez Maldonado resides in Hampden County, Massachusetts.

7. Sanchez Maldonado worked as a fabricator in Sound Seal Inc.'s manufacturing facility in Agawam from approximately March 2003 through July 2023.

**Defendant Sound Seal Inc.**

8. Defendant Sound Seal Inc. is a Delaware corporation registered in Massachusetts with a principal office and manufacturing facility located at 50 Herbert P. Almgren Drive, Agawam, Massachusetts 01001.

9. Sound Seal is a leading manufacturer of commercial and architectural acoustic noise control products that offers a wide selection of soundproofing goods. Founded in 1978, Sound Seal services clients across the United States.

10. Sound Seal has employees engaged in interstate commerce or in the production of goods for interstate commerce that handle, sell, or otherwise work on goods or materials moved in or produced for interstate commerce by any person.

11. In each of the three years preceding the filing of this Complaint, Sound Seal's annual gross volume of sales exceeded $500,000.

12. Sound Seal is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

13. Throughout their employment with Sound Seal, Sanchez Maldonado and other Fabricators assembled materials used in the soundproofing industry, including

3

soundproofed panels, tiles, fixtures, and other products.

14. Throughout their employment with Sound Seal, Sanchez Maldonado and other Fabricators performed identical work duties assembling identical products.

15. Throughout their employment with Sound Seal, Sanchez Maldonado and other Fabricators had a regular forty-hour schedule each week from Monday through Friday, 8:00 a.m. to 4:30 p.m. with a thirty-minute lunch break each workday. However, Sound Seal would allow Fabricators to work on "expedited orders" for additional hours each week.

16. "Expedited orders" were identical to other work orders that Fabricators completed at Sound Seal, except that expedited orders had shorter delivery times and work on them began after 4:30 p.m., following the Fabricators' regular work shifts.[1]

17. In addition to their regular forty-hour schedule above, in addition to their regular work schedules, Fabricators completing expedited orders worked an additional nine to sixteen and a half hours per workweek across two or three extra shifts from 4:30 p.m. to a time between 9:00 p.m. and 10:00 p.m.

18. Throughout his employment with Sound Seal, Sanchez Maldonado would typically complete one expedited order per workweek in addition to his regular forty-hour schedule. Accordingly, Sanchez Maldonado typically worked between forty-nine and fifty-six and a half hours per workweek.

---

[1] On occasion, Fabricators had to work on weekends to complete expedited orders.

19. Throughout Sanchez Maldonado's employment with Sound Seal, Sound Seal paid him and other Fabricators an hourly wage rate for their first forty hours (*i.e.*, work performed during their regular schedule). For work performed on expedited orders, Sound Seal paid Sanchez Maldonado and other Fabricators a per order basis using separate checks from those containing their pay for their regular hours worked per workweek. Payments for each expedited order ranged from $200 to $1,000.

20. Throughout Sanchez Maldonado's employment, Sound Seal did not account for the additional wages it paid its Fabricators, such as Sanchez Maldonado, for completing expedited orders when calculating their regular hourly wage rates.

21. Throughout Sanchez Maldonado's employment, Sound Seal did not account for the hours that its Fabricators, such as Sanchez Maldonado, worked completing expedited orders when calculating and paying their overtime wages due.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and all similarly situated Fabricators who worked at Sound Seal within the three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

23. The FLSA Collective consists of over forty Fabricators who have been victims of Defendant's common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

24. Throughout Plaintiff's employment, Plaintiff and the FLSA Collective have regularly worked more than forty hours on at least some workweeks in the last three years, have performed similar fabrication work duties, and have been subjected to

Defendant's common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for hours worked over forty per work week.

25. Defendant is aware or should have been aware that the FLSA required it to pay Plaintiff and the FLSA Collective an overtime premium for hours worked over forty per workweek.

26. Defendant's unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

27. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Fabricators can be readily identified and located through Defendant's records. They should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings the claims in this Complaint arising out of the Massachusetts General Laws under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all similarly situated fabricators who work, or have worked, for Sound Seal within the three years prior to the filing of this Complaint (the "Rule 23 Class").

29. The employees in the Rule 23 Class are so numerous that joinder of all members is impractical.

30. The size of the Rule 23 Class exceeds forty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendant.

31. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

32. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including the following:

   a. whether Defendant failed to pay the Rule 23 Class at the correct overtime wage rate for hours worked in excess of forty per work week;

   b. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

33. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendant at various times within the applicable three-year statutory period. They enjoy the same statutory rights under the Massachusetts General Laws to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiff and the Rule 23 Class have sustained similar types of damages because of Defendant's failure to comply with the Massachusetts General Laws.

34. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

35. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

36. Plaintiff has retained legal counsel competent and experienced in wage-and-hour litigation and class action litigation.

37. There is no conflict between Plaintiff and the Rule 23 Class members.

38. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery because of Defendant's common policies, practices, and procedures. Although the relative damages suffered by the individual class members could not be characterized as *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

39. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

### FIRST CLAIM
### (FLSA – Unpaid Overtime)

40. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

41. Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked over forty per workweek.

42. Defendant is an employer within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff and the FLSA Collective.

43. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

44. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

45. Due to Defendant's violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
**(Massachusetts General Laws – Unpaid Overtime)**

46. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

47. Plaintiff and the members of the proposed Rule 23 Class were "employees" of Defendant within the meaning of Massachusetts General Laws c. 151 § 1A.

48. Defendant was an "employer" of Plaintiff and the members of the proposed Rule 23 Class within the meaning of the Massachusetts General Laws c. 151 §§ 1A and 1B.

49. Plaintiff and members of the proposed Rule 23 Class worked over forty hours per workweek within the last three years.

50. By failing to account for extra wage payments to Fabricators for work completed on expedited order, Defendant failed to pay Plaintiff and members of the Rule 23 Class one and one-half times their regular hourly wage rates for all hours worked over forty per workweek, in violation of Massachusetts General Laws c. 151 § 1A.

51. Due to Defendant's violations of the Massachusetts General Laws, including section 1B, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, three times this amount as liquidated damages (*i.e.*, treble damages), pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## THIRD CLAIM
**(Massachusetts General Laws – Failure to Pay Timely Wages)**

52. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

53. By failing to account for extra wage payments to Fabricators for work completed on expedited orders, Defendant failed to pay Plaintiff and members of the Rule 23 Class for all overtime wages owed within the time period required by M.G.L. c. 149 § 148.

54. Due to Defendant's violations of the Massachusetts General Laws, Plaintiff and the Rule 23 Class are entitled to recover their unpaid wages, twice this amount as liquidated damages (*i.e.*, treble damages), pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action. M.G.L. c. 149 §§ 148, 150.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court:

a. Certify this action as a class action pursuant to M.G.L. c. 149 §§ 148 and 150 for the class of employees described herein, designate Plaintiff as the class representative, and designate Plaintiff's counsel as Class Counsel.

b. In the alternative, certify this case as a class action pursuant to Rule 23 for the class of employees described herein, designate Plaintiff as the class representative, and designate Plaintiff's counsel as Class Counsel;

c. designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

d. declare that Defendant has violated the overtime wage provisions of the FLSA and the Massachusetts General Laws;

e. declare that Defendant has violated M.G.L. c. 149 § 148 by failing to pay all wages when due;

f. declare that Defendants' violations of the FLSA was willful;

g. award Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

h.     award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and treble damages pursuant to the Massachusetts General Laws;

i.     awarding Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the Massachusetts General Laws; and

j.     award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: October 27, 2023

Respectfully submitted,

MIGUEL SANCHEZ MALDONADO, on behalf of himself and all others similarly situated,

By his Attorneys,

MADSEN PRESTLEY & PARENTEAU LLC
PECHMAN LAW GROUP PLLC, and
HAYBER, MCKENNA & DINSMORE, LLC

  /s/ Raymond Dinsmore
Raymond Dinsmore (BBO # 667340)
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield MA 01144
Tel: 413-785-1400
Fax: (860) 218-9555
rdinsmore@hayberlawfirm.com

William G. Madsen (phv pending)
Madsen Prestley & Parenteau LLC
402 Asylum Street
Hartford, Connecticut 06103
Tel.: (860) 246-2466
wmadsen@mppjustice.co

Louis Pechman (phv pending)
Gianfranco J. Cuadra (phv pending)
Christian Mercado (phv pending)
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com
mercado@pechmanlaw.com

*Attorneys for Plaintiff, the Putative FLSA Collective, and the Putative Rule 23 Class*
