UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MIGUEL SANCHEZ MALDONADO, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SOUND SEAL INC.,<br><br>*Defendant*. | C.A. No. 3:23-cv-30115-MGM |

## ANSWER TO PUTATIVE COLLECTIVE AND CLASS ACTION COMPLAINT

Defendant Sound Seal, Inc. ("Sound Seal" or "Defendant"), by and through its attorneys, Bryan Cave Leighton Paisner LLP and Conn Kavanaugh Rosenthal Peisch & Ford, LLP, as and for its answer to Plaintiff Miguel Sanchez Maldonado's ("Plaintiff") Collective and Class Action Complaint ("Complaint"), states as follows:

## NATURE OF THE ACTION

1. With respect to Paragraph 1 of the Complaint, Defendant admits that Plaintiff worked at Defendant's manufacturing facility in Agawam, Massachusetts, Plaintiff worked on expedite orders, and Plaintiff was paid on a separate check for time worked on expedite orders. Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2. With respect to Paragraph 2 of the Complaint, Defendant admits that Plaintiff commenced this action against Defendant on behalf of himself and a putative class of similarly situated individuals, and denies the remaining allegations set forth in Paragraph 2 of the Complaint.

## JURISDICTION

3. Paragraph 3 of the Complaint sets forth legal conclusions to which no response is required; however, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. With respect to Paragraph 4 of the Complaint, Defendant admits that Plaintiff attached as Exhibit 1 to the Complaint a copy of a letter dated September 22, 2023, from the Commonwealth of Massachusetts Office of the Attorney General, and that the letter attached as Exhibit 1 to the Complaint states, in part, that it is "authorizing [Plaintiff] to pursue this matter through a private civil lawsuit." Defendant denies the remaining allegations set forth in Paragraph 4 of the Complaint.

## VENUE

5. Paragraph 5 of the Complaint sets forth a legal conclusion to which no response is required; however, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

## THE PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. With respect to Paragraph 7 of the Complaint, Defendant admits that Plaintiff worked at Defendant's manufacturing facility in Agawam, Massachusetts from March 31, 2003 through June 16, 2023. Defendant denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. With respect to Paragraph 9 of the Complaint, Defendant admits that it was founded in 1978, that it manufactures commercial and architectural acoustic noise control products, and that it offers noise control products to the soundproofing industry. Defendant denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint sets forth legal conclusions to which no response is required. To the extent Paragraph 10 of the Complaint requires a response, Defendant denies the allegations set forth in Paragraph 10.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint sets forth legal conclusions to which no response is required. To the extent Paragraph 12 of the Complaint requires a response, Defendant denies the allegations set forth in Paragraph 12.

## FACTUAL ALLEGATIONS

13. Defendant admits that while Plaintiff was working for Defendant Plaintiff assembled acoustic noise control products. Defendant denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. With respect to Paragraph 15 of the Complaint, Defendant admits that Plaintiff had the option to work on expedite orders, and that Plaintiff was permitted to clock in and out for a 30 minute lunch break. Defendant denies the remaining allegations set forth in Paragraph 15 of the Complaint.

16. With respect to Paragraph 16 of the Complaint, Defendant admits that expedite orders had a shorter delivery time than orders which were not expedite orders. Defendant denies the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. With respect to Paragraph 19 of the Complaint, Defendant admits that it paid Plaintiff an hourly wage rate for the first forty hours Plaintiff worked in a work week, and, for expedite orders, Defendant admits that Plaintiff was paid on a separate check. Defendant denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

22. With respect to Paragraph 22 of the Complaint, Defendant admits that Plaintiff commenced this action on behalf of himself and a putative class of similarly situated individuals, and denies the remaining allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint sets forth legal conclusions to which no response is required. To the extent Paragraph 25 of the Complaint requires a response, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegation set forth in Paragraph 27 of the Complaint.

## CLASS ACTION ALLEGATIONS

28. With respect to Paragraph 28 of the Complaint, Defendant admits that Plaintiff commenced this action on behalf of himself and a putative class of similarly situated individuals, and denies the remaining allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

## **FIRST CLAIM**
**(FLSA – Unpaid Overtime)**

40. With respect to Paragraph 40 of the Complaint, Defendant repeats and realleges each and every one of its responses set forth in Paragraphs 1 through 39, above, as if fully set forth herein.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint sets forth legal conclusions to which no response is required. To the extent Paragraph 42 of the Complaint requires a response, Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

## SECOND CLAIM
**(Massachusetts General Laws – Unpaid overtime)**

46. With respect to Paragraph 46 of the Complaint, Defendant repeats and realleges each and every one of its responses set forth in Paragraphs 1 through 45, above, as if fully set forth herein.

47. Paragraph 47 of the Complaint sets forth legal conclusions to which no response is required. To the extent Paragraph 47 of the Complaint requires a response, Defendant denies the remaining allegations set forth in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint sets forth legal conclusions to which no response is required. To the extent Paragraph 48 of the Complaint requires a response, Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

## THIRD CLAIM
**(Massachusetts General Laws – Failure to Pay Timely Wages)**

52. With respect to Paragraph 52 of the Complaint, Defendant repeats and realleges each and every one of its responses set forth in the Paragraph 1 through 51, above, as if fully set forth herein.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

## PRAYER FOR RELIEF

The Prayer for Relief section found at the conclusion of the Complaint contains Plaintiff's request for relief to which no admission or denial is required of Defendant. To the

extent it is read to assert that Plaintiff or the class he purports to represent has stated any viable claims for relief, Defendant denies the allegations therein, and denies that Plaintiff or the class he purports to represent is entitled to any relief as a result of the allegations contained in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

1. The Complaint, and each cause of action purported to be alleged therein, fails to state a claim upon which relief can be granted because Defendant calculated and paid overtime wages in accordance with the Fair Labor Standards Act and Massachusetts General Laws.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

2. Defendant did not willfully violate the Fair Labor Standards Act; therefore, with respect to the relief sought by Plaintiff through the First Claim of the Complaint, claims related to any alleged act or omission occurring before October 27, 2021 are barred by the applicable two-year statute of limitations set forth in 29 U.S.C. § 255. Notwithstanding any claims of willful conduct, with respect to any alleged act or omission occurring before October 27, 2020, such claims are barred by the applicable three-year statute of limitations set forth in 29 U.S.C. § 255.

3. To the extent that Plaintiff alleges any act of omission occurring before October 27, 2020, the relief sought in the Second and Third Claims of the Complaint are barred by the applicable three-year statute of limitations set forth in M.G.L.A. 151 §20A.

### THIRD AFFIRMATIVE DEFENSE
### (Good Faith)

4. Plaintiff and the putative class members may not recover liquidated damages because Defendant and all of their officers, directors, managers and agents acted in good faith and did not commit any willful violation of applicable law.

### FOURTH AFFIRMATIVE DEFENSE
### (Plaintiff and the Alleged Putative Class or Collective Action Are Not Similarly Situated)

5. Given the individual nature of Plaintiff's claims, neither class certification nor a collective action is appropriate because Plaintiff and the alleged putative class/collective action, the existence of which are expressly denied, are not similarly situated.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Adequacy of Representation)

6. Plaintiff cannot maintain this action as a class action because he is not a proper representative of the alleged putative class, the existence of which is expressly denied, and the alleged putative class does not have adequate representation.

### SIXTH AFFIRMATIVE DEFENSE
### (Conflicting Interests)

7. Plaintiff has interests that conflict with those of the alleged putative class, the existence of which is expressly denied.

### SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Commonality)

8. Given the individual nature of Plaintiff's claims, class certification is inappropriate because common questions of law or fact do not predominate over questions affecting only individuals.

### EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Superiority)

9. Class certification is inappropriate because Plaintiff cannot demonstrate class litigation is superior to other available means of adjudication.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Community of Interest)

10.     There is no community of interest between Plaintiff and the alleged putative class, the existence of which is expressly denied.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Typicality)

11.     Given the individual nature of Plaintiff's claims, class certification is not appropriate because his claims are not typical of those of the alleged putative class, the existence of which is expressly denied.

## TENTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees and Costs)

12.     Plaintiff is not entitled to recover attorneys' fees or costs from Defendant.


WHEREFORE, having fully answered and responded to the allegations of the Complaint, Defendant respectfully request that:

a. Plaintiff's individual claims be dismissed in their entirety with prejudice;

b. Class action status be denied or, in the alternative, that all class claims be dismissed with prejudice;

c. Collective action status be denied or, in the alternative, that all collective action claims be dismissed with prejudice;

d. Judgment be entered against Plaintiff, the putative class members and potential collective action plaintiffs and in favor of Defendant;

e. Defendant be awarded its costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

    f.   Defendant be granted such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: February 26, 2024 | **BRYAN CAVE LEIGHTON PAISNER LLP**<br><br>By: */s/ Courtney J. Peterson*<br>     Courtney J. Peterson<br>1290 Avenue of the Americas<br>New York, New York 10104<br>T: (212) 541-3187<br>F: (212) 541-1487<br>courtney.peterson@bclplaw.com<br><br>**CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP**<br>Kurt B. Fliegauf<br>Brendan P. Kelley<br>One Federal Street, 15th Floor<br>T: (617) 348-8221<br>F: (617) 482-6444<br>KFliegauf@connkavanaugh.com<br>BKelley@connkavanaugh.com<br><br>*Attorneys for Defendant Sound Seal, Inc.* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 26, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all parties who have appeared and registered with CM/ECF.

                                        */s/ Courtney J. Peterson*
                                        Courtney J. Peterson